UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOAO PIRES,

Plaintiff

v.

LUSTIG, GLASER & WILSON, P.C.,

and

DOES 1-10, inclusive,

Defendants

JURY DEMANDED
Civil Action No. 1:13cv10584

**COMPLAINT**

Plaintiff Joao Pires ("Pires") brings this action against Lustig, Glaser & Wilson, P.C. ("Lustig") and Does 1-10, inclusive ("Lustig Collectors") (together, the "Defendants"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Mr. Pires seeks actual and statutory damages, together with the costs of this action and reasonable attorney's fees, arising from the Defendants' unlawful conduct in connection with attempts to collect a debt on behalf of Lustig's client, Discover Bank ("Discover"). The Defendant debt collectors violated the FDCPA when they communicated with Mr. Pires, known to be represented by counsel, without the assent of counsel, and when they misrepresented the character, amount, and legal status of Mr. Pires' debt and used false representations and deceptive means in an attempt to collect that debt.

## THE PARTIES

1. Plaintiff Joao Pires is a natural person who resides in Brockton, Plymouth County, Massachusetts.

2. At all times relevant to this Complaint, Defendant Lustig was a Massachusetts business entity with a principal office at 245 Winter Street, Waltham, Massachusetts.

3. Does 1-10, inclusive ("Lustig Collectors") are individual collectors employed by Lustig and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this civil action pursuant to 15 U.S.C. § 1692k(d).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Lustig has a place of business in Massachusetts, because Lustig transacts business in Massachusetts, and because a substantial part of the events or omissions giving rise to Mr. Pires' claims occurred in Massachusetts.

## STATEMENT OF FACTS

6. Mr. Pires is a consumer, as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).[1]

[1] "The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt."

7. Lustig is a debt collector, as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).[2]

8. At all times relevant to this Complaint Lustig acted by and through its principals and/or one or more of the Lustig Collectors.

9. At some point prior to July 16, 2012 Mr. Pires allegedly became obligated to Discover on a consumer debt, as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).[3]

10. On or about July 16, 2012 Lustig, acting on behalf of and as an agent of Discover, filed a civil action against Mr. Pires in the Brockton District Court Small Claims Division styled *Discover Bank v. Joao Pires,* C.A. No. 1215SC1620, in an attempt to collect $1106.28 that Mr. Pires allegedly owed to Discover on credit card account number ending in xxxx3795, together with an additional $50.00 in costs. *EXHIBIT 1, Statement of Small Claim and Notice of Trial, July 16, 2012.*

11. On September 13, 2012, undersigned counsel filed and served a notice of appearance in that civil action. *EXHIBIT 2, Notice of Appearance, September 13, 2012.*

12. On September 13, 2012 in a settlement conference with Lustig's counsel, Mr. Pires proposed to pay $663.77 in $100.00 monthly installments to begin 14 days after Discover's acceptance of the offer, in exchange for full resolution of any outstanding balance on his Discover account, and an agreement that: (i) Discover would not sell the

---

[2] "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

[3] "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

balance of that debt; (ii) Discover would mark that debt paid in full; and (iii) that Discover would remove all negative entries pertaining to that debt from credit reports generated by the three major credit reporting agencies.

13. The parties agreed to continue the trial in the matter to December 13, 2013 to allow Discover to consider Mr. Pires' offer.

14. On or about December 6, 2012, Lustig mailed a letter to Mr. Pires, with no copy or notice to undersigned counsel, urging Mr. Pires to "immediately" sign and return an enclosed agreement for judgment and order of payment in the amount of $1,156.28. *EXHIBIT 3, Letter from Kenneth C. Wilson, Esq. To Joao Pires, December 6, 2012.*

15. On December 12, 2013, Discover voluntarily dismissed its small claims suit against Mr. Pires. *EXHIBIT 4, Electronic mail from Brian F. Hogencamp, Esq. To Barbara L. Horan, Esq., December 12, 2012; EXHIBIT 5, Voluntary Dismissal CA No. 1215SC1620, December 12, 2012.*

16. On or about January 8, 2013 Lustig notified undersigned counsel by mail that Mr. Pires had not paid the agreed-upon sum of $633.78. Lustig further stated that the settlement offer was withdrawn, that Mr. Pires' $1,156.28 debt was reinstated, and that Mr. Pires' account would be forwarded to Lustig's legal staff for review. *EXHIBIT 6, Letter from Lustig, Glaser & Wilson, P.C. to Barbara L. Horan, Esq., January 8, 2013.*

COUNT I
Violation of FDCPA, 15 U.S.C. § 1692c(a)(2)

On or about December 6, 2012, after filing a small claims collection action against Mr. Pires for $1156.28, receiving notice of appearance of counsel, and continuing the trial date to consider an offer by Mr. Pires to resolve the matter for $663.77 to be paid in $100.00 installments, Lustig communicated with Mr. Pires by first-class mail, without his prior consent, without express permission of a court of competent jurisdiction, and without agreement of Mr. Pires' counsel, to urge him to "immediately" sign and return an enclosed Agreement for Judgment and Order of Payment in the amount of $1,156.28, "[i]n accordance with your communication with this office." This action constituted improper communication by a debt collector with a consumer represented by an attorney with respect to that debt, in violation of 15 U.S.C. § 1692c(a)(2).[4] As a result of the Defendants' unlawful conduct, Mr. Pires has experienced severe anxiety and emotional distress, for which he now seeks actual and statutory damages, together with costs and attorney's fees.

[4] "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

COUNT II
Violation of FDCPA, 15 U.S.C. § 1692d

On or about December 6, 2012, after filing a small claims collection action against Mr. Pires and receiving notice of appearance of counsel and Mr. Pires' settlement offer of $663.77, Lustig mailed Mr. Pires an Agreement for Judgment and Order of Payment in the amount of $1,156.28. Lustig dismissed Discover's small claims collection action on December 12, 2012. On January 8, 2013 Lustig mailed notice to undersigned counsel that because Mr. Pires had failed to comply with "the terms and provisions of the settlement offer previously negotiated," the settlement offer was withdrawn, Mr. Pires' $1,156.28 debt was reinstated, and Mr. Pires' account would be forwarded to Lustig's legal staff for review. These actions constituted conduct the natural consequence of which was to harass, oppress, and abuse Mr. Pires in connection with the collection of a debt, in violation of the FDCPA, 15 U.S.C. § 1692d.[5] As a result of the Defendants' unlawful conduct, Mr. Pires has experienced severe anxiety and emotional distress, for which he now seeks actual and statutory damages, together with costs and attorney's fees.

COUNT III
Violation of FDCPA, 15 U.S.C. § 1692e(2)(A)

On or about December 6, 2012, after filing a small claims collection action against Mr. Pires and receiving notice of appearance of counsel and Mr. Pires' settlement offer of

[5] "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

$663.77, Lustig mailed Mr. Pires an Agreement for Judgment and Order of Payment in the amount of $1,156.28. Lustig dismissed Discover's small claims collection action on December 12, 2012. On January 8, 2013 Lustig mailed notice to undersigned counsel that because Mr. Pires had failed to comply with "the terms and provisions of the settlement offer previously negotiated," the settlement offer was withdrawn, Mr. Pires' $1,156.28 debt was reinstated, and Mr. Pires' account would be forwarded to Lustig's legal staff for review. These actions involved the use of false, deceptive, and misleading representations and means by the Defendants in connection with the collection of a debt, including false representation of the character, amount and legal status of a debt, in violation of the FDCPA, 15 U.S.C. § 1692e(2)(A).[6] As a result of the Defendants' unlawful conduct, Mr. Pires has experienced severe anxiety and emotional distress, for which he now seeks actual and statutory damages, together with costs and attorney's fees.

COUNT IV
Violation of FDCPA, 15 U.S.C. § 1692e(10)

On or about December 6, 2012, after filing a small claims collection action against Mr. Pires and receiving notice of appearance of counsel and Mr. Pires' settlement offer of $663.77, Lustig mailed Mr. Pires an Agreement for Judgment and Order of Payment in the amount of $1,156.28. Lustig dismissed Discover's small claims collection action on

---

[6] "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of --

(A) the character, amount, or legal status of any debt...."

December 12, 2012. On January 8, 2013 Lustig mailed notice to undersigned counsel that because Mr. Pires had failed to comply with "the terms and provisions of the settlement offer previously negotiated," the settlement offer was withdrawn, Mr. Pires' $1,156.28 debt was reinstated, and Mr. Pires' account would be forwarded to Lustig's legal staff for review. These actions involved the use of false, deceptive, and misleading representations and means to collect a debt, in violation of the FDCPA, 15 U.S.C. § 1692e(10).[7] As a result of the Defendants' unlawful conduct, Mr. Pires has experienced severe anxiety and emotional distress, for which he now seeks actual and statutory damages, together with costs and attorney's fees.

COUNT V
Violation of FDCPA, 15 U.S.C. § 1692f

On or about December 6, 2012, after filing a small claims collection action against Mr. Pires and receiving notice of appearance of counsel and Mr. Pires' settlement offer of $663.77, Lustig mailed Mr. Pires an Agreement for Judgment and Order of Payment in the amount of $1,156.28. Lustig dismissed Discover's small claims collection action on December 12, 2012. On January 8, 2013 Lustig mailed notice to undersigned counsel that because Mr. Pires had failed to comply with "the terms and provisions of the settlement offer previously negotiated," the settlement offer was withdrawn, Mr. Pires' $1,156.28 debt

---

[7] "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

was reinstated, and Mr. Pires' account would be forwarded to Lustig's legal staff for review. These actions involved the use of unfair and unconscionable means to collect or attempt to collect a debt, in violation of the FDCPA, 15 U.S.C. § 1692f.[8] As a result of the Defendants' unlawful conduct, Mr. Pires has experienced severe anxiety and emotional distress, for which he now seeks actual and statutory damages, together with costs and attorney's fees.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Joao Pires, asks that judgment be entered against the Defendants, jointly and severally, and that this Court award him:

- Actual damages, pursuant to 15 U.S.C. § 1692(k)(1), in an amount to be determined at trial;
- Statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1000.00;
- Litigation costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Such other and further relief as this Court deems just and proper.

[8] "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

JURY DEMAND

Plaintiff requests a trial by jury on all counts so triable.

Respectfully Submitted,
JOAO PIRES,
By His Attorney,

Dated: March 12, 2013

*/s/ Barbara L. Horan*

Barbara L. Horan, Esq. BBO#652151
LAW OFFICE OF BARBARA L. HORAN
800 Hingham Street
Rockland MA 02370
855 488 4400 (t)
855 797 4040 (f)
blh@BLHLaw.net (e)